**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CA 07 152S

| | | |
|---|---|---|
| **DYNAMIC MARKETING I, INC.** *Plaintiff* | : | |
| **Vs.** | : | **C.A. No. 07-** |
| **HEALTH EXPRESS FOOD, INC.** *Defendant* | : | |

## VERIFIED COMPLAINT

Now comes Cani Shuman, in her capacity as Chief Financial Officer of Dynamic Marketing I, Inc. and hereby states under oath as follows:

1. Plaintiff, Dynamic Marketing I, Inc. ("Dynamic Marketing" or "Plaintiff") is a Florida corporation with its principal place of business in Cranston, Rhode Island.

2. Defendant, Health Express Food, Inc. ("Health Express" or "Defendant") is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

## JURISDICTION

3. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332, there being in controversy a sum exceeding $75,000.00 and the controversy is between citizens of different states. In addition, pursuant to the agreement evidencing financial obligations of Defendant, Health Express to Plaintiff, Dynamic Marketing, the parties have agreed that Rhode Island law governs this dispute and that Health Express makes itself available to this Court.

**CAUSES OF ACTION**

4. On or about May 23, 2005, Defendant, Health Express, executed a Promissory Note with Plaintiff, Dynamic Marketing, whereby Health Express promised to pay to the order of Dynamic Marketing the principal amount of $330,992.67, with interest thereon as specified in said agreement. A true and exact copy of said Promissory Note is attached hereto as Exhibit 1.

5. Under the terms of the Promissory Note, Health Express agreed to pay principal and interest in 23 monthly installments of $15,000 on or before the 15th day of each month, commencing on or before June 15, 2005. *See*, Exhibit 1, at Section 1. Health Express further agreed to pay a 24th payment of the full remaining principal owed under the Note, together with all accumulated but unpaid interest due thereon, plus all accumulated costs, fees and expenses due in accordance with the terms of the Note, on or before June 5, 2007 ("Maturity Date"). *Id.*

6. Interest under the terms of the Note accrued on the outstanding balance at a rate of 8% per year. *See*, Exhibit 1 at Section 1.

7. For any month that Health Express failed to make its payment within 10 days after the due date, Health Express became obligated to pay an amount equal to 5% of the late payment to Dynamic Marketing, in addition to all other monies Health Express had agreed to pay. *See*, Exhibit 1, at Section 1.

8. Under the terms of the Note, an event of default constitutes any failure by Health Express to make its monthly payment of principal and interest within five days after such payment is due. Upon an event of default, the entire amount owed under the Note becomes immediately due and payable and accrues interest on said amount at the rate of 14% per year. The acceleration of payments is in addition to any other rights and remedies available to Dynamic Marketing. Health Express further agreed to pay all costs and expenses for the

collection on said default payments, including but not limited to court costs and reasonable attorneys' fees. *See*, Exhibit 1, at Section 3.

9. On or about May 23, 2005, Health Express also executed a Security Agreement whereby Health Express granted Dynamic Marketing a security interest in all of its presently owned and hereafter acquired assets and personal property, including all fixtures and all tangible and intangible personal property, including all equipment, inventory, goods, accounts receivable, in order to secure payment of any debts owed to Dynamic Marketing, including the aforesaid Promissory Note of May 23, 2005. A true and exact copy of said Security Agreement is attached hereto as Exhibit 2.

10. Upon an event of default under the aforementioned Promissory Note, Dynamic Marketing is authorized to declare all obligations secured by the Security Agreement to be immediately due and payable without presentment, demand, protest or other notice of any kind. *See*, Exhibit 2, at Article 5.1.1.

11. Dynamic Marketing is further authorized to exercise any and all rights and remedies accorded to it by the Uniform Commercial Code. *See*, Exhibit 2 at Article 5.1.2.

12. From the date of execution of the aforesaid agreements to present, Health Express has failed to make numerous monthly payments to Dynamic Marketing, in accordance with the express terms of the Promissory Note.

13. Health Express has breached the terms of the Promissory Note by failing to make timely payments to Dynamic Marketing on a monthly basis.

14. Dynamic Marketing has demanded full payment of the monies that are in arrears. Despite its repeated requests, Health Express has failed to make full payment of all monies owed to date.

**COUNT I**
***Breach of Contract***

15. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as if fully stated herein.

16. Health Express has breached the terms of the Promissory Note with each failure to make its full monthly payment on a timely basis. Each failure to make monthly payments constitutes a separate event of default, pursuant to the terms of the Promissory Note.

17. Despite repeated demands, Health Express has refused to make the monthly payments on a timely basis.

18. As a result of the default of obligations under the Promissory Note, Health Express now owes to Dynamic Marketing the principal sum of $151,934.61, plus interest in the amount of $5,270.98, plus late charges, attorneys' fees, all in accordance with the terms of the Promissory Note executed between the parties.

WHEREFORE, Plaintiff, Dynamic Marketing I, Inc. prays that this Honorable Court grant the following relief:

(a) Award Plaintiff the full amount owed under the Promissory Note, in the amount of $151,934.61 for the outstanding balance of principal;

(b) Award Plaintiff the interest due pursuant to the terms of the Promissory Note;

(c) Award Plaintiff its late fees accrued pursuant to the terms of the Promissory Note;

(d) Award Plaintiff its reasonable attorneys' fees incurred in the prosecution of this claim and collection on this debt;

(e) Award Plaintiff statutory interest on any judgment entered by this Court;

(f) Enjoin Defendant on a temporary and permanent basis from disposing of, or in any way encumbering, its assets and property that are necessary to satisfy payments to Plaintiff in accordance with the Promissory Note;

(g) Grant such other relief that this Honorable Court deems to be appropriate.

**COUNT II**
***Breach of Security Agreement***

19. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as if fully stated herein.

20. Pursuant to the terms of the Security Agreement, Health Express has granted a security interest to Dynamic Marketing in all of its assets and personal property, including all fixtures and all tangible and intangible personal property, as delineated in Article 1 of the aforesaid Security Agreement.

21. Pursuant to the terms of the Security Agreement, Dynamic Marketing has requested that Health Express fully identify any and all property described in Article 1 of the Security Agreement, including any and all real and personal property, fixtures, tangible and intangible personal property. Dynamic Marketing has also requested that Health Express identify both the location and type of real and personal property that it presently owns, including the identification of any account numbers for any and all bank accounts.

22. Health Express has refused to identify all of its assets and personal property, including all fixtures and all tangible and intangible personal property, and further has refused to identify the location of the aforesaid property, in breach of its obligations.

WHEREFORE, Plaintiff, Dynamic Marketing I, Inc. prays that this Honorable Court grant the following relief:

(a) Award Plaintiff the full amount owed under the Promissory Note, in the amount of $151,934.61 for the outstanding balance of principal;

(b) Award Plaintiff the interest due pursuant to the terms of the Promissory Note;

(c) Award Plaintiff its late fees accrued pursuant to the terms of the Promissory Note;

(d) Award Plaintiff its reasonable attorneys' fees incurred in the prosecution of this claim and collection on this debt;

(e) Award Plaintiff statutory interest on any judgment entered by this Court;

(f) Order Defendant to fully list the identity of any and all property in which Defendant has or shall obtain an ownership interest;

(g) Furnish any and all documents and information necessary or advisable in order for Plaintiff to perfect its security interests in Defendant's property;

(h) Enjoin Defendant on a temporary and permanent basis from disposing of, or in any way encumbering, its assets and property that are necessary to satisfy payments to Plaintiff in accordance with the Promissory Note;

(i) Order Defendant to assemble its properties and make said properties available to Plaintiff at a place to be designated by this Court for the sale or disposition of said property in order to satisfy Defendant's debt to Plaintiff;

(j) Grant such other relief that this Honorable Court deems to be appropriate.

Plaintiff,
DYNAMIC MARKETING I, INC.
By its Attorneys,

Raymond A. Marcaccio, Esquire (#3569)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax
ram@om-rilaw.com

Dated: 5-02-07

**VERIFICATION**

I, Cani Shuman, hereby certify that I am the Chief Financial Officer of Dynamic Marketing I, Inc., Plaintiff in the above-referenced matter, that I have read the foregoing Verified Complaint and know the contents thereof, and that the allegations contained in the Verified Complaint are true and correct based on my knowledge, information and belief.

Cani Shuman

Cani Shuman, CFO

STATE OF FLORIDA
COUNTY OF Pinellas

In Largo on this 1st day of May, 2007, before me personally appeared Cani Shuman, to me known and known by me to be the person executing the foregoing instrument and she acknowledged said instrument, by her executed, to be her free act and deed.

NOTARY PUBLIC STATE OF FLORIDA
LINDA LOU HAIGLEY
MY COMMISSION # DD473410
EXPIRES: Sept. 19, 2009
(407) 398-0153 Florida Notary Service.com

Linda Lou Haigley

Notary Public
My commission expires: 9/19/2009