*Reavis + Haskell LLC*
*Draft May 4, 2005*

# $330,992.67

# PROMISSORY NOTE

BY AND BETWEEN

HEALTH EXPRESS FOOD, INC.

AND

DYNAMIC MARKETING I, INC. (SUCCESSOR BY MERGER TO DYNAMIC MARKETING, INC.)

MAY 23, 2005

# PROMISSORY NOTE

May 3, 2005

FOR VALUE RECEIVED, Health Express Food, Inc., a Nevada corporation ("**Maker**"), hereby promises to pay to the order of Dynamic Marketing I, Inc. (successor by merger to Dynamic Marketing, Inc. with an address at 40 Western Industrial Drive, Cranston, RI 02921 ("**Holder**"), or to other such party or parties as the holder of this note (the "Note") may from time to time designate, the principal amount of $330,992.67 with interest thereon as specified herein.

Section 1. <u>Payment.</u>

Principal and interest under this Note shall be paid in 23 monthly installments of $15,000 on or before the 15th day of each month commencing on or before June 15th, 2005 and a 24th payment of the full amount of the then unpaid portion of the principle under this Note together with all accumulated but unpaid interest due thereon plus all accumulated costs, fees and expenses due in accordance with the terms of this Note due on or before June 5th, 2007 (the "**Maturity Date**").

Principal and interest shall be payable in lawful money of the United States of America at the address of the Holder, or at such other place as the Holder hereof shall designate in writing.

Subject to the other provisions of this Note, interest shall accrue on the outstanding principal balance at 8% per annum.

If any amount of principal and/or interest is not paid in full within 10 days after the same is due, Maker shall pay to Holder a late fee on such unpaid amount equal to 5% of such late payment.

Section 2. <u>Prepayment.</u>

Maker shall have the right to prepay this Note, in whole or in part from time to time, without premium or penalty.

Section 3. <u>Default.</u>

If any principal or interest payment is not made within 5 days after such payment is due hereunder, then in addition to all rights and remedies of Holder under applicable law or otherwise, all such rights and remedies being cumulative, not exclusive and enforceable alternatively, successively and concurrently, the entire amount of this Note shall become immediately due and payable and shall accrue interest thereon at the rate of 1[illegible]% per annum, whereupon the then unpaid balance hereof shall forthwith become due and payable, plus the costs and expenses of collection hereof, including, but not limited to, court costs and reasonable attorneys' fees.

In addition to the foregoing, any failure on the part of the Maker to pay any obligations due and owing to Holder accruing on or after the date hereof shall be deemed a Default under this Note, and in such event, Holder shall have the same default rights as if Maker were in default for failure to pay principal or interest.

All provisions of this Note and any other agreements between Maker and Holder are expressly subject to the condition that in no event, whether by reason of acceleration of maturity or otherwise, shall the amount paid or agreed to be paid to Holder which is deemed interest under applicable law exceed the maximum permitted rate of interest under applicable law (the "**Maximum Permitted Rate**"), which shall mean the law in effect on the date of this Note, except that if there is a change in such law which results in a higher Maximum Permitted Rate, then this Note shall be governed by such amended law from and after its effective date. In the event that fulfillment of any provision of this Note or any document, instrument or agreement providing security for this Note results in the rate of interest charged hereunder being in excess of the Maximum Permitted Rate, the obligation to be fulfilled shall automatically be reduced to eliminate such excess. If, notwithstanding the foregoing, Holder receives an amount which under applicable law would cause the interest rate hereunder to exceed the Maximum Permitted Rate, the portion thereof which would be excessive shall automatically be deemed a prepayment of and be applied to the unpaid principal balance of this Note.

Section 4. Waiver and Acknowledgement.

Maker (i) waives diligence, demand, presentment, protest and notice of any kind, (ii) agrees that it will not be necessary for any holder hereof to first institute suit in order to enforce payment of this Note, (iii) consents to any one or more extensions or postponements of time of payment or forbearance or other indulgence, without notice or consent, and (iv) waives any and all claims and defenses of any nature whatsoever with respect to any and all amounts or debts satisfied by this Note.

Section 5. Modification.

This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the Maker and the Holder.

Section 6. Miscellaneous.

This Note shall be governed by and construed in accordance with the laws of the State of Rhode Island and shall be binding upon the successors and assigns of Maker and inure to the benefit of Holder and its heirs, successors, endorsees and assigns. If any term or provision of this Note shall be held invalid, illegal or unenforceable, the validity of all other terms and provisions hereof shall in no way be affected thereby. All references to the "Holder" shall apply to his respective successors and assigns.

IN WITNESS WHEREOF, the undersigned have executed this Note as of the date first above written.

**MAKER**

Health Express Food, Inc.

By: Jack E. Galardi
Title: President